IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JANA SMITH**,<br><br>        Plaintiff,<br><br>    v.<br><br>**MARK DOWNEY**; **CHARLES OLSEN**;<br>**ARIELL HARTWELL**; **MARK SIMON**;<br>and **SHERMAN SMITH**,<br><br>        Defendants. | Case No. 3:21-cv-00454-JR<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION WITH SUPPLEMENTATION** |

Frank Hamlet Wall, Frank Wall, LLC, 4411 NE Tillamook, Portland, OR 97213. Attorney for Plaintiff.

Mark Downey, 3814 NE Hassalo St., Portland, OR 97232. Pro Se.

**IMMERGUT, District Judge.**

      On January 26, 2024, Judge Russo ordered Defendant Mark Downey "to show cause why an entry of default should not issue" for his failure to update the Court with his current address. ECF 111; *see also* ECF 73, 74, 78, 80, 85, 90, 93, 98, 99, 107, 110, 116–18 (docket entries reflecting mail sent to Defendant Downey returned as undeliverable); ECF 88 at 4 ("The Court reminds defendant that every unrepresented party has a continuing responsibility to notify the Clerk's Office whenever his or her mailing address, telephone number, and/or business e-mail

PAGE 1 – ORDER

address changes."). Defendant Downey failed to respond to the Court's Order. On February 15, 2024, Judge Russo issued her Findings and Recommendation ("F&R"), ECF 112, recommending that this Court strike Defendant Downey's Answer and Affirmative Defenses, ECF 11, and direct the clerk to enter default as to Defendant Downey. ECF 112. No parties having objected, this Court ADOPTS with supplementation Judge Russo's F&R.

## STANDARD OF REVIEW

Because Judge Russo's ruling may be dispositive, this Court treats it as a findings and recommendation as contemplated by Federal Rule of Civil Procedure 72(b). *See Covington v. Patriot Motorcycles Corp.*, No. CV-07-955-PHX-FJM, 2008 WL 1971388, at *1 (D. Ariz. May 2, 2008) ("If the sanctionable conduct is so egregious, however, to warrant imposition of a dispositive order, such as, striking a defendant's answer and entering default, a magistrate judge may only issue a report and recommendation to the assigned district judge." (citing *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). Even if Judge Russo's ruling were non-dispositive, *see McColm v. Restoration Grp., Inc.*, No. 206CV2707-MCE-EFBPS, 2007 WL 1468992, at *1 (E.D. Cal. May 17, 2007) ("Mere entry of default under Fed.R.Civ.P. 55(a) is non-dispositive."), and more properly treated as an order under Federal Rule of Civil Procedure 72(a), the result would be the same.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328

PAGE 2 – ORDER

F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154. For objected-to, non-dispositive orders, this Court reviews for clear error. Fed. R. Civ. P. 72(a). To the extent Judge Russo's ruling should be construed as an F&R, the F&R is adopted with the following supplementation. To the extent Judge Russo's ruling should be construed as an order, the order is affirmed with the following supplementation.

## DISCUSSION

This Court provides the following supplementation. A plaintiff alleging joint liability against multiple defendants should not seek default judgment against one defendant prior to adjudication of the claims against answering defendants. *See Frow v. De La Vega*, 82 U.S. 552 (1872). However, "where uniformity of liability is not logically required by the facts and theories of the case, the risk of inconsistent judgments is not sufficiently extreme to bar entry of default judgment as a matter of law. In those situations, [courts] retain[] the discretion to balance various factors in deciding whether to enter judgment against less than all defendants [as] permitted under [Federal Rule of Civil Procedure] 54(b)." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008–09 (N.D. Cal. 2001). Whether Plaintiff should seek default judgment against Defendant Downey depends on whether the facts and theories of the case logically require uniformity of liability.

## CONCLUSION

No parties having objected, this Court has reviewed Judge Russo's F&R. Judge Russo's F&R, ECF 112, is adopted with the above supplementation. This Court STRIKES Defendant Downey's Answer and Affirmative Defenses, ECF 11, and directs the Clerk to enter default against Defendant Downey.

**IT IS SO ORDERED**.

DATED this 6th day of March, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 4 – ORDER