IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JANA SMITH**, <br><br> Plaintiff, <br><br> v. <br><br> **MARK DOWNEY**; **CHARLES OLSEN**; **ARIELL HARTWELL**; **MARK SIMON**; and **SHERMAN SMITH**, <br><br> Defendants. | Case No. 3:21-cv-00454-JR <br><br> **ORDER DENYING DEFENDANT DOWNEY'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE PARTIES' JOINT MOTION FOR EXTENSION OF TIME** |

Kevin L. Cathcart, Cathcart Law Office, 4411 NE Tillamook Street, Portland, OR 97213. Attorney for Plaintiff.

Mark Downey, 4252 NE Senate Street, Portland, OR 97213. Pro Se.

**IMMERGUT, District Judge.**

     Before this Court are (1) Defendant Downey's Motion to Dismiss, ECF 176, which this Court converted into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), ECF 180; and (2) the parties' Joint Motion for Extension of Time, ECF 192. This Court finds that both motions are suitable for decision without oral argument. L.R. 7-1(d).

This Court denies the motion for summary judgment because Downey has not met his burden to demonstrate that "there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The basis of Downey's motion is that this lawsuit is part of a "long established . . . pattern" in which Plaintiff Smith "secures a place of residence, systematically destroys the residence and then claims her housing rights were violated." Motion, ECF 176 at 2. Downey provides declarations from a plumber and handyman, ECF 177 at 4, as well as his neighbor and real estate agent, ECF 181 at 3–4, in support of his motion. However, Smith also provides a declaration disputing the allegations contained in Downey's motion and these other declarations. *See* ECF 189 at 7–9. At this stage of the litigation, this Court must view the evidence in the light most favorable to nonmovant Smith and draw all reasonable inferences in Smith's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Therefore, resolution of these factual disputes is inappropriate at the summary judgment stage.

This Court also denies the parties' Joint Motion for Extension of Time, requesting that this Court reset trial to the week of April 6, 2025. ECF 192. Due to the age of this case and numerous past extensions, this Court maintains its previous scheduling order setting trial to commence December 15, 2025. ECF 173. However, in light of the potentially broad scope of Smith's twelve claims raised in her Second Amended Complaint, ECF 185 at 9–23, and in order to allow for a more orderly process at trial, this Court ORDERS the parties to proceed to trial to begin on December 15, 2025 only on Smith's two federal law claims: 1) violation of the Fair Housing Act under 42 U.S.C. § 3604; and 2) conspiracy to interfere with Smith's civil rights under 42 U.S.C. § 1985, *id.* at 9–11. The remaining claims, which are all state law claims, will be

handled at some later stage of this litigation. In addition, this Court ORDERS the parties to confer regarding whether they consent to jurisdiction by a U.S. Magistrate Judge.

**IT IS SO ORDERED**.

DATED this 13th day of November, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
